UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


AGFA PHOTO USA CORPORATION,           )
                                      )
        *Plaintiff,*                  )
*v.*                                  )          No.1:06-cv-216
                                      )          *Edgar*
FRED PARHAM, individually and d/b/a   )
PRO-PHOTO 1 HOUR & CUSTOM LAB         )
and d/b/a PRO-PHOTO IMAGING,          )
                                      )
        *Defendant.*                  )


**MEMORANDUM**

Plaintiff Agfa Photo USA Corporation ("Agfa Photo") brings this motion to strike the

answer, affirmative defenses, and counterclaim of Defendant Fred Parham, individually and

d/b/a Pro-Photo 1 Hour & Custom Lab and d/b/a Pro-Photo Imaging ("Pro-Photo"). [Court Doc.

No. 3]. Pro-Photo opposes the motion. [Court Doc. No. 4].

The Court has reviewed the relevant pleadings and applicable law relating to this motion

and has determined that Agfa Photo's motion will be GRANTED IN PART and DENIED IN

PART.

## I.      Background

Agfa Photo filed its initial complaint on September 8, 2006 in the Chancery Court of

Hamilton County, Tennessee claiming breach of contract against Pro-Photo. [Court Doc. Nos. 1-

3, 1-1]. Pro-Photo removed the case to this Court on October 10, 2006. [Court Doc. No. 1-1].

The complaint alleges that beginning in October 2003, Pro-Photo leased photo processing

equipment from Agfa Photo. Agfa Photo alleges that Pro-Photo breached its lease agreement by

failing to pay its monthly lease payments. [Court Doc. No. 1-3]. It contends that due to Pro-Photo's breach of the lease agreement, all payments due to Agfa Photo under the agreement have been accelerated by the terms of the agreement and are due and payable immediately. Agfa Photo seeks its payments under the lease agreement, as well as prejudgment interest, attorneys' fees, costs, and possession of its equipment and assets.

On October 25, 2006 Pro-Photo filed its answer to the complaint. [Court Doc. No. 2]. The answer also states counterclaims against Agfa Photo and raises eighteen separate affirmative defenses. *Id.* In its answer Pro-Photo alleges that Agfa Photo entered into a warranty agreement with Pro-Photo. It further alleges that Agfa Photo's equipment never performed adequately to meet Pro-Photo's business needs. Pro-Photo alleges that it relied on Agfa Photo's representations that it would service its equipment at a reduced cost pursuant to a service maintenance agreement Pro-Photo entered with Agfa Photo. The counterclaim also alleges that Agfa Photo engaged in a conspiracy with other businesses entities relating to Agfa Photo's lease agreements with photo businesses across the country to "raise cash by selling the Lease Agreements free and clear of obligations under the Service Maintenance Agreements." *Id.* Pro-Photo alleges that Agfa Photo's actions have rendered its equipment valueless and that, as a consequence, it has suffered lost sales and profits. Pro-Photo brings counterclaims against Agfa Photo for declaratory judgment, revocation of acceptance of goods pursuant to the Uniform Commercial Code, breach of implied covenant of good faith and fair dealing, breach of the implied warranty of merchantability, violation of implied warranty of fitness for particular purpose, and violation of the Tennessee Consumer Protection Act.

In support of its counterclaims, Pro-Photo has attached several documents to its answer.

These documents include: a document purporting to be an Agfa Photo Limited Equipment

Warranty provided to Pro-Photo; a letter from Agfa Photo to an unspecified customer regarding

divestiture of its photo activities; a letter to an unspecified customer regarding the insolvency of

Agfa Photo's German parent company; a letter to an unspecified customer regarding the sale of

that customer's lease agreement to a company known as LEAF Funding, Inc. ("LEAF"); a letter

to an unspecified customer regarding a new service and parts provider for Agfa Photo

equipment; a purchase agreement between Agfa Photo and LEAF regarding the sale of non-

related Agfa Photo leases to LEAF.

Agfa Photo has moved to strike Pro-Photo's answer, affirmative defenses, and

counterclaim. [Court Doc. 3-1]. Agfa Photo argues that Pro-Photo's exhibits attached to its

answer are misleading because most of the exhibits do not relate to Pro-Photo's relationship with

Agfa Photo in any way. It points out that the letters from Agfa Photo to customers were not

written to Pro-Photo and that the purchase agreement between Agfa Photo and LEAF did not

involve the sale of Pro-Photo's lease. In response, Pro-Photo has attached a class action

complaint filed in federal district court in Massachusetts against Agfa Photo, as well as other

individuals and corporate entities. [Court Doc. 4-1]. Pro-Photo argues that its counterclaims

against Agfa Photo are related to the conspiracy claims charged by the plaintiff photography

processing shops in the Massachusetts lawsuit. The Massachusetts complaint appears to raise

issues similar to those raised by Pro-Photo in its counterclaim.

## II.    Analysis

Federal Rule of Civil Procedure 12(f) states that:

Upon motion made by a party before responding to a pleading or, if no responsive
pleading is permitted by these rules, upon motion made by a party within 20 days

> after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f). Federal Rule of Civil Procedure 7(b) further requires that motions "shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed.R.Civ.P.7(b).

District courts have discretion in determining whether to grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). See *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 480 (6th Cir. 2003) (review of motion to strike affirmative defenses is for abuse of discretion); *Federal Savings & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990) (same); *Krisa v. Equitable Life Assur. Society*, 109 F.Supp.2d 316, 319 (M.D. Pa. 2000) (noting that "'a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)'") (quotation omitted); *Johnson v. Metropolitan Sewer Dist.*, 926 F.Supp. 874, 875 (E.D. Mo. 1996); *Sherrills v. Beison*, 2005 WL 1711132 *1 (W.D. Mich. 2005) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)).

In determining whether to strike a pleading, the Sixth Circuit has noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also*, *Aqua Bay Concepts, Inc. v. Grosse Point Bd. of Realtors*, 1992 Wl 350275 *1 (E.D. Mich. 1992). Motions to strike pursuant to Fed.R.Civ.P. 12(f) "are not typically granted absent a showing of significant prejudice." *Norton Const. Co. v. United States Army Corps of Engineers*,

2006 Wl 3526789 *10 (N.D. Ohio 2006) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1382 (3d ed. 2004)); *Aqua Bay Concepts, Inc.*,

1992 WL 350275 at *2 (noting that "courts should not strike a matter 'unless the court can

confidently conclude that the portion of the pleading to which the motion is addressed is

redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the

objecting party'") (quotation omitted).

> Further,

> [w]ith respect to affirmative defenses, a motion to strike is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.' Further, the motion is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.

*United States Securities and Exchange Commission v. Thorn*, 2002 WL 31412440 *2 (S.D. Ohio

2002) (quoting *Ameriwood Ind. Int'l Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083

(W.D. Mich. 1997)). A court's decision regarding whether to strike an affirmative defense is

"wholly discretionary." *General Elec. Capital Corp. v. Lanmann*, 2006 WL 2077103 *2 (S.D.

Ohio 2006). Indeed, courts in this Circuit have noted that "the general rule is that 'an affirmative

defense may be pled in general terms and will survive a motion to strike as long as it gives the

plaintiff fair notice of the nature of the defense.'" *Id.* at *3. (quoting *Bradford Co. v. Afco Mfg.*,

2006 WL 143343 at *5 (S.D. Ohio 2006)). Other district courts have acknowledged the moving

party's burden with respect to striking an affirmative defense:

> 'To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice.'

*Gallagher v. England*, 2005 WL 3299509 (E.D. Cal. 2005) (quoting *Securities Exchange*

*Comm'n v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995)).

Federal courts have denied motions to strike for a party's failure to identify specific paragraphs to be stricken. *See e.g. Jones v. Trump*, 919 F.Supp. 583, 586-87 (D. Conn. 1996); *Metropolitan Life Ins. Co. v. Everett*, 15 F.R.D. 498, 499 (S.D.N.Y. 1954). As a district court in this Circuit noted, "for the moving party to succeed on a motion to strike it must 'comply with the requirement in Rule 7(b) that motions state with particularity the grounds therefor and set forth the nature of relief or type of order sought.'" *Sherrills*, 2005 WL 1711132 at *1 (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004)).

In addition, federal courts have denied motions to strike pleadings that refer to unrelated litigation involving only one of the parties. For example, in *Lakits v. York*, the defendants moved to strike all references to an unrelated lawsuit involving the same defendant. 258 F.Supp.2d 401, 409 (E.D. Pa. 2003). The district court denied the motion finding that the references to the other lawsuit, involving allegedly similar conduct by the same defendant, "may have some evidentiary or legal significance in this case." *Id.* at 410.

In this action Agfa Photo fails to detail precisely what paragraphs of the answer, counterclaim, and affirmative defenses it moves to strike. The only specific portions of paragraphs mentioned are Paragraphs 69, 74, and 84 as they relate to LEAF, which is not a party to this case, as well as similar portions of Count VI. Because Pro-Photo agrees that references to LEAF could be stricken from these paragraphs without materially affecting the answer and counterclaim, and because these paragraphs appear to state claims against LEAF, a non-party, this Court will **GRANT** Agfa Photo's motion to strike references to LEAF in Paragraphs 69, 74,

84, 93, and 95 of the Answer.

Agfa Photo also moves to strike the entirety of Pro-Photo's answer, including all of the eighteen affirmative defenses, Pro-Photo's responses to the Agfa Photo complaint, all portions of the seven counterclaims, and all documents attached to the answer as exhibits. This Court declines to take such broad, sweeping action. Agfa Photo has provided no specific arguments pertaining to any of the affirmative defenses or any of the seven counterclaims. It merely suggests that answering Pro-Photo's counterclaim allegations will cause it prejudice, be duplicative of its efforts in the Massachusetts litigation, incur unnecessary expense, and waste time. However, Agfa Photo makes no showing that all of Pro-Photo's counterclaims are completely devoid of merit. Nor does it demonstrate how each of the eighteen affirmative defenses fail as a matter of law. Agfa Photo further fails to explain how the answer, counterclaim, affirmative defenses, and exhibits fail in their entirety to bear any relationship to the controversy. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. This Court refuses to parse Pro-Photo's entire answer in search of affirmative defenses and counterclaims worthy of striking. *See e.g. Jones*, 919 F.Supp. at 586-87; *Everett*, 15 F.R.D. at 499; Fed.R.Civ.P. 7(b). Agfa Photo has failed to carry its burden of stating with particularity which specific portions of the Answer should be stricken. Moreover, this Court cannot state at this stage of the litigation that the documents pertaining to the Massachusetts lawsuit have no bearing on the issues raised in Pro-Photo's counterclaim. For these reasons, aside from the portions of Paragraphs 69, 74, and 84 of Pro-Photo's Answer mentioned *supra*, this Court will **DENY** Agfa Photo's motion to strike.

**III.     Conclusion**

After reviewing the record and the applicable law, the Court concludes that Plaintiff Agfa

Photo's motion to strike will be **GRANTED** in part and **DENIED** in part.

A separate order will enter.

_/s/ R. Allan Edgar_
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
